IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION


| | | |
|---|---|---|
| MARK LESMAN and CINDY LESMAN, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:12-CV-00023-RWS-SSC |
| | : | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A., as servicer for Citibank, N.A., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case grows out of proceedings to foreclose on property owned by Plaintiffs

Mark and Cindy Lesman ("Plaintiffs" or "the Lesmans"). Now before the

Court are the motion to dismiss [Doc. 5] and motion to strike Plaintiffs' reply

[Doc. 21] filed by Defendants Mortgage Electronic Registration Systems, Inc.

("MERS") and Bank of America, N.A. ("BOA"). For the reasons discussed

below, it is **ORDERED** that Defendants' motion to

strike is **DENIED as moot** Defendants' motion to dismiss is **DENIED without prejudice.**

## I.    Procedural History

On November 28, 2011, the Lesmans filed a complaint in the Superior Court of Forsyth County, Georgia asserting various claims against MERS and BOA.  (See Compl., Doc. 1-1).[1]  These include "foreclosure (pleading) fraud, lack of standing and/or lack of capacity to foreclose, breach of contract (deceptive and unfair practices) and [] violations under the Fair Debt Collection Act (15 U.S.C. sec. 1692c(2)(A), (5) & (10)."  (Id. at 3).[2]  The Lesmans seek "emergency temporary and permanent injunctive relief," declaratory relief, "exemplary or punitive damages," and costs.  (Id. at 10, 12, 15).

BOA removed the case to this Court on January 25, 2012.  [Doc. 1].[3]  In lieu of

---

[1] The complaint does not set out these "claims" as separate counts.  Instead, it simply lists these claims on the first page and then refers to them throughout the complaint.  (See Compl., Doc. 1-1).  The complaint does set out two "counts": Count I is titled "EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF" and Count II is titled "DECLARATORY RELIEF."  Neither "count" sets out a "plausible claim for relief" containing "well-pleaded facts."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Iqbal's requirements are discussed in more detail infra.

[2] The page references in this Report and Recommendation correspond to the pagination in the Court's electronic filing system (CM/ECF).

[3] According to BOA, though Defendant MERS had not been served  properly and thus was not required to consent to removal, "Defendant MERS consents to removal if and when [it is] properly served."  (Doc. 1 at 1-2).

2

answers, MERS and BOA filed the pending motion to dismiss the Lesmans'
complaint. [Doc. 5]. The Lesmans then filed a "Rebuttal/Objections to
Defendants' Mot[i]on to Dismiss" [Doc. 15] and a "Brief in Support of
Objection to Defendants['] Motion to Dismiss With Memorandum of Law
Incorporated" [Doc. 18]. Defendants filed a reply [Doc. 19] and the Lesmans
then filed a surreply [Doc. 20], which Defendants have moved to strike [Doc.
21].

## II.  Defendants' Motion to Strike

Defendants move to strike Plaintiffs' Reply to Defendants' Reply in
Support of Defendants' Motion to Dismiss ("surreply") [Doc. 20] on the ground
that "it is procedurally improper" under both federal and local rules and
"without merit." (Doc. 21 at 1-2).

This Court has repeatedly held that a motion to strike is not the proper
vehicle for challenging matters not contained in pleadings, which Fed. R. Civ.
P. 7(a) defines to include complaints, answers and court-ordered replies to
answers, but not motions or supporting exhibits. In Luster v. Ledbetter, 647 F.
Supp. 2d 1303 (M.D. Ala. 2009), the court explained that "[t]he Federal Rules

of Civil Procedure delineate the general use of a motion to strike: 'Upon

motion made by a party . . . the court may order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter.' " Id. at 1305 (quoting Fed. R. Civ. P. 12(f)). "The terms of the rule

make clear that '[o]nly material included in a "pleading" may be subject

of a motion to strike. . . . Motions, briefs or memoranda, objections, or

affidavits may not be attacked by the motion to strike.' " Id. (quoting 2 James

Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999)); see also

JP Morgan Chase Bank, N.A. v. Sampson, No. 1:10-cv-1666-JEC, 2012 U.S.

Dist. LEXIS 37514, at *6 (N.D. Ga. Mar. 20, 2012) (denying motion to strike

late-filed response brief and explaining that " '[t]he terms of Rules 12(f) and

7(a) make clear that only material included in a pleading may be subject of a

motion to strike and that motions, briefs or memoranda, objections, or affidavits

may not be attacked by the motion to strike' " (quoting Jeter v. Montgomery

Cnty., 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007))). Nevertheless, in

deciding Defendants' motion, the undersigned will not consider the Lesmans'

surreply, which was not authorized by the Federal Rules or this Court's local

rules and was filed without court approval. See, e.g., Byrom v. Delta Family

4

Care-Disability & Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) ("Neither the Federal Rules of Civil Procedure nor the local rules for the Northern District of Georgia authorize parties to file surreplies. Indeed, 'to allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.' " (quoting Garrison v. Northeast Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999 ), aff'd, 211 F.3d 130 (11th Cir. 2000))). Accordingly, Defendants' motion to strike the Lesmans' surreply is **DENIED as moot**.

## III.  Discussion

### A.  The Complaint

The Lesmans' complaint contains the following pertinent allegations:

The Lesmans live in the State of Georgia, and reside on the property that is the subject of their complaint, which is located in Cumming, Forsyth County, Georgia and is "know[n] as 2640 Old Atlanta Road, Cumming, GA 30041" ("the Property"). (Doc. 1, Compl. ¶¶ 1, 6). The Lesmans "are challenging the alleged soon-to-occur sale and non-judicial foreclosure of [the Property]" which is described in a "Deed to Secure Debt and Security Agreement allegedly signed between Plaintiff Mark Lesman, **only** . . . and [D]efendant

M.E.R.S. . . . securing a Note in the original principal amount of $1,065,000.00." (Id. ¶ 6).

"Plaintiffs assert here that there has been fraud, pleading fraud and breach of contract by all [D]efendants." (Id. ¶ 8). "Plaintiffs assert herein that [D]efendant M.E.R.S. fraudulently transferred the Deed of Trust to pursue foreclosure proceedings and are presently under investigation for questionable and unlawful transactions in Georgia, deceiving Plaintiffs." (Id. ¶ 9). "Defendant BOA, allegedly as servicer for Citibank, N.A.(CB) as trustee for the Certificateholders of SAMI II inc., Bear Sterns ARM Trust, Mortgage Pass-Through asset-backed Certificates, series 2006-4 is and was . . . a foreign corporation whose corporate domicile and alleged authority to do business in the State of Georgia is unknown." (Id. ¶ 10). Citibank "(by and through Defendant BOA) is a corporate entity functioning as an alleged trustee for another corporation" whose "authority to do business in Georgia is also unknown," and Citibank "issued securities which may . . . have been [im]properly registered and in the form of . . . investment vehicle[s] which may or may not be collateralized in whole or in part by the mortgage the subject of this action," and "the Certificateholders of the subject securities may or may not

6

have an interest[] . . . in the mortgage and or the Note the subject of this action."

(Id. ¶ 11).  "Defendant BOA is the alleged 'servicer' of the loan and purported

agent for the original holder of the original note, Countrywide Bank, N.A. . . .

in connection with a non-judicial foreclosure proceeding as to the Property . . .

[and] has no legal interest in either the mortgage or the [subject] Note . . . ."

(Id. ¶ 12).

"[N]o . . . Assignment [of Plaintiffs' mortgage] has ever been produced to

the Plaintiffs; and Defendants M.E.R.S. and BOA have failed to prove . . . that

[either] is the holder of all rights under the Note . . . ."  (Id. ¶ 13).  "[T]here

appears to be no lawful assignment of the mortgage . . . ."  (Id. ¶ 14).

"[D]efendants, in seeking foreclosure and, later, a writ of possession against

Plaintiffs, cannot prove the chain of ownership."  (Id. ¶ 15).  "Plaintiffs are in

doubt as to the legality of the assignment(s) and suspect that their mortgage

contract is one of the bundled mortgages put together for investors who were

offered the opportunity to buy shares (securitization) in each bundle without the

proper assignment ever being recorded."  (Id. ¶ 16).  The "lawful transfer of

[Plaintiffs'] mortgage never occurred and . . . the actual date that the property

was acquired has been concealed and has fraudulently been made to facilitate

7

foreclosure against Plaintiffs." (Id. ¶ 17).  Defendants have initiated foreclosure

proceedings "under false pretenses and without legal authority to do so,

defrauding Plaintiffs."  (Id. ¶ 18).

"Plaintiffs have questions as to whom they should be negotiating or

corresponding with regarding [their] mortgage, or if the foreclosure is even

lawful."  (Id. ¶ 19).  "Plaintiffs . . . are victims of predatory lending by

[Countrywide]," and "[D]efendant M.E.R.S. is . . . attempting to conceal that

fact from the courts."  (Id. ¶ 20).  "Defendant M.E.R.S.' legal standing has been

successfully challenged in several . . . courts across the country . . . ."  (Id. ¶

21).  "[D]efendant M.E.R.S. is engaged in . . . unfair and deceptive business

practices against the real property of Plaintiffs."  (Id. ¶ 22).

"Defendant  BOA,  as  alleged  'Trustee'  for  unnamed

'Certificateholders[,]' . . . has failed to demonstrate that it, and not the

Certificateholders, is the party  with the true ownership interest in the Mortgage

. . . , or that the Certificateholders have acceded or legally assigned their rights

to and under the subject Mortgage to Defendant BOA, specifically the right to

seek a foreclosure."  (Id. ¶ 23).  "Defendant BOA has not demonstrated that it

has suffered an actual or threatened injury as a consequence of any default," and

8

thus has not demonstrated that it has "legal standing to institute [a] foreclosure."

(Id. ¶ 24).  Defendant BOA has created a "cloud" on the subject property's title

by filing "an action styled 'Notice of Sale Under Power' against both Plaintiffs,

in it erroneously claiming to be '. . . attorney-in-fact for Mark and Cindy

Lesman' without legal authority to do so."  (Id. ¶ 25).

"Defendant BOA, through its counsel, has notified Plaintiffs that the

foreclosure sale on the Property has been scheduled to take place on the first

Tuesday in December, 2011."  (Id. ¶ 26).  "On or about September 10th, after

Plaintiffs[ made] repeated requests to restructure/refinance the Note, were

refused by BOA [;] Plaintiffs[] . . . request[ed] the payment reduction to

$2,700.00/month and also informed BOA that they were willing to pay a

specified lump sum payment in addition to the reduction in monthly payments[;

h]owever, Defendant BOA [] refused to negotiate . . . and . . . began foreclosure

against Plaintiff Mark Lesman, erroneously including Plaintiff Cindy Lesman to

the foreclosure action when Plaintiff Cindy Lesman never signed the Note."

(Id. ¶ 27).  Plaintiffs seek "to challenge the foreclosure prior to the issuance of

any Certificate of Title following as a severance of the ownership and

possession of the original Note and Mortgage has occurred and as the true

AO 72A
(Rev.8/82)

owner and holder of both the original Note and Mortgage are unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Note in part to at least one third party (Countrywide Bank), Defendants M.E.R.S. and BOA are both legally precluded from foreclosing on the Property unless and until they can both demonstrate full legal standing to do so." (<u>Id.</u> ¶ 28). "[T]he foreclosure sale [on the Property is] set for eight (8) calendar days . . . from the date of the filing of this Complaint." (<u>Id.</u> ¶ 34). "Plaintiffs respectfully request that this Court . . . enter an Order . . . precluding and cancelling the foreclosure sale presently scheduled for the first Tuesday in December, 2011." (<u>Id.</u> ¶ 37).

"Defendants M.E.R.S. and BOA . . . were not a party to the original mortgage contract documents[ and were] not named as a payee in the Note; and both have failed to demonstrate any valid assignment of either the Mortgage or the Note . . . ." (<u>Id.</u> ¶ 44). Defendant BOA as "servicer of the Note" and Defendant M.E.R.S. as " 'nominee' of the Note, . . . cannot institute or maintain a foreclosure proceeding either directly or indirectly as agent of Countrywide Bank, N.A." (<u>Id.</u> ¶¶ 45-46). "Defendants M.E.R.S. and BOA have filed, or caused to be filed[,] false and fabricated assignment of mortgage

AO 72A
(Rev.8/82)

in order to foreclose upon Plaintiffs' property." (Id. ¶ 47). "Defendant BOA . .

. has assisted Defendant M.E.R.S. in proceeding to a foreclosure/writ of

possession action against the Plaintiffs under false pretenses and without legal

authority, breaching the contract and breaching their fiduciary duty to

Plaintiffs." (Id. ¶ 48).

Plaintiffs also assert that, in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692, *et seq*.,

In attempting to foreclose on plaintiffs' property, all defendants:

a. made false, deceptive and misleading representations concerning their standing to sue and their interest in the debt;

b. falsely represented the status of the debt, in particular, that i[t] was due and owing to them at the time the foreclosure was initiated;

c. falsely represented or implied that the debt was owing to them as an innocent purchaser for value, when in fact, such assignment had not been accomplished;

d. threatened to take action, namely engaging in collection activities and collection and foreclosure that cannot legally be taken by them; and,

e. obtained access to state recorder's offices in order to collect notes and foreclose on mortgages under false pretenses, namely, that they were duly authorized to engage in such

11

activities when in fact they were not[.]

(Id. ¶ 50; see also id. ¶¶ 49, 52).

### B. Defendants' Motion to Dismiss

#### 1. Failure to Effect Service of Process

Defendants move to dismiss the complaint on the ground that the Lesmans failed to effect service of process on both MERS and BOA and the Court therefore lacks personal jurisdiction over them. (Doc. 5, Def. Br. at 23-25). The Lesmans subsequently sent both Defendants a request to waive service, and Defendants "have agreed to waive service by signing and returning the waiver[s] to Plaintiffs" and have withdrawn their failure to effect service argument. (Doc. 19, Def. Resp. at 2 n.1). Accordingly, Defendants' motion to dismiss based on the Lesmans' failure to effect service of process is **DENIED as moot**.

#### 2. Failure to State a Claim Upon Which Relief Can be Granted

##### a. The Parties' Contentions

Defendants contend that the Lesmans' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 5, Def. Br. at 1-2). Defendants argue:

This lawsuit arises out of Plaintiffs' efforts to thwart the lawful foreclosure of their home following their failure to make their required mortgage payments. The Complaint simply lacks the factual and legal support necessary to permit this suit to proceed. Simply put, Plaintiffs are in default on their loan obligations and have brought this action as a last ditch attempt to frustrate further foreclosure efforts. The case has no merit and is predicated on fundamentally incorrect legal theories that have been routinely rejected by Georgia courts. Plaintiffs' entire Complaint fails as a matter of law, and thus, should be dismissed.

(Id. at 2). Defendants recite the pleading standards of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), discussed *infra*, and they argue that "Plaintiffs fail to allege any facts sufficient to show that they are parties to the Assignment of the Security Deed" or "stating that they are third-party beneficiaries to the Assignment." (Id. at 7). They fault the Lesmans' allegations that MERS and BOA have no legal standing or right to pursue foreclosure as "conclusory" (id. at 11-12) and they argue that the Lesmans have not pled the elements of a claim under the FDCPA or facts sufficient to support such a claim (id. at 15-16). In addition, they argue that the Lesmans have made only "generalized allegations" alluding to fraud and have "fail[ed] to allege fraud with the necessary particularity" required by Georgia law and Fed. R. Civ. P. 9(b). (Id. at 18-19). Defendants also contend that "[t]he Complaint fails to offer anything more than conclusory allegations

masquerading as facts, which is not sufficient to support Plaintiffs' demand for injunctive relief" (id. at 20) and that the Lesmans "have failed to plead facts sufficient to demonstrate an actual controversy and are not entitled to declaratory relief" (id. at 23). Defendants also argue that the Lesmans' putative claims fail on the merits. (Id. at 6-23).

In their "Rebuttal/Objections to Defendants' Mot[i]on to Dismiss" [Doc. 15], the Lesmans assert in conclusory fashion "that they originally filed a well plead complaint . . . and deserve the right to move forward with this matter" and to engage in discovery (id. at 2-3). In their "Brief in Support of Objection to Defendants['] Motion to Dismiss With Memorandum of Law Incorporated" [Doc. 18], the Lesmans argue, first, that this Court lacks jurisdiction over this action and that it should be remanded to the state court (id. at 2-4). They acknowledge that their complaint "mentioned possible violations under the federal Fair Debt Collection Practices Act" ("FDCPA") but maintain that it "in no way emphasized that that is an important part of their claims." (Id. at 3). They also argue, "Plaintiffs do not lack standing to challenge fraudulent assignments and Plaintiffs assert that MERS assignment(s) are not valid" (id. at 4-14), and "Plaintiffs have not failed to state a claim and Plaintiffs are certainly

14

entitled to injunctive relief as well as declaratory relief" (id. at 14-20). (Formatting altered).

In their reply brief [Doc. 19], Defendants argue first that removal of this action was proper because the Court has federal-question jurisdiction based on the Lesmans' FDCPA claims and diversity jurisdiction based on the diverse citizenship of the parties and an amount in controversy greater that $75,000. (Doc. 19, Def. Reply at 2 n.1).  Defendants argue further that the Lesmans "still fail to allege any facts to show that the attempted foreclosure was unlawful," and they "still fail to state a claim under the FDCPA," "still fail to state a claim for fraud," and "still fail to state a claim for declaratory or injunctive relief." (Id. at 3-15 (formatting altered)).

### b.    This Court's Jurisdiction

Whether this Court has subject matter jurisdiction following its removal from the state court is a threshold question. Thus, the Court addresses the Lesmans' argument that this Court lacks subject matter jurisdiction first.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States

15

for the district and division embracing the place where such action is pending."

28 U.S.C. § 1331 provides that "[t]he district courts shall have original

jurisdiction of all civil actions arising under the . . . laws . . . of the United

States." "Whether a claim 'arises under' federal law is determined by the well-

pleaded complaint rule, which provides for federal-question jurisdiction when a

federal question is presented on the face of the plaintiffs' properly pleaded

complaint." Liebman v. Deutsche Bank Nat'l Trust Co., 462 F. App'x 876, 878

(11th Cir. 2012) (unpublished decision) (citing Hill v. BellSouth Telecomms.,

Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) ("Any claim that was originally filed

in state court may be removed by a defendant to federal court if the case could

have been file in federal court originally.")). It is not in dispute that "federal

question jurisdiction exists over claims arising under the FDCPA pursuant to 28

U.S.C. § 1331 and 15 U.S.C. § 1692k." Ortega v. Collectors Training Inst. of

Ill., Inc., No. 09-21 744-CIV-GOLD/McALILEY, 2011 U.S. Dist. LEXIS 6282,

at *8 (S.D. Fla. Jan. 24, 2011). The question is whether the Lesmans'

complaint presents a federal question on its face.

The Court finds that federal-question jurisdiction exists based on the

Lesmans' FDCPA claim. While simply "listing" federal statutes in a complaint

16

may not be enough to confer federal-question jurisdiction upon a district court, see <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 897-99 (11th Cir. 2007) (unpublished decision) (finding that district court did not have federal-question jurisdiction over action where complaint "listed some federal statutes," including the FDCPA, "in the complaint's preamble" but did "not contain such [a] claim[] or other claims 'arising under the Constitution, laws, or treatises of the United States' "), the Lesmans' complaint goes beyond simply "listing" a federal claim.  The complaint sets out Defendants' alleged violation of the FDCPA "[i]n attempting to foreclose on [P]laintiffs' property"; it both cites to and quotes language from the FDCPA; and it expressly seeks "statutory damages" under the FDCPA "up to $1,000.00 per Plaintiff."  (Compl. Doc. 1-1 at 1 & ¶¶ 49, 50, 52); <u>see also</u> 15 U.S.C. § 1692k(a)(2)(A) (allowing damages "not exceeding $1,000" for violations of FDCPA).  Putting aside at this point the sufficiency of the Lesmans' pleading, the undersigned finds that their complaint, on its face, alleges claims under the FDCPA and thus presents a federal question supplying the basis for this Court's subject matter jurisdiction.

AO 72A
(Rev.8/82)

### c.    Standards Applicable to Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "[f]actual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted); see also Redland Co. v. Bank of Am. Corp., 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that " '[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed' "(internal quotation omitted)).  "Furthermore, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules."  Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 U.S. Dist. LEXIS 69858, at *6 (N.D. Ga. Mar. 15, 2011) (internal citations omitted) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)), adopted by 2011 U.S. Dist. LEXIS 69805 (N.D. Ga. June 29, 2011).

19

## d.    Analysis

The undersigned finds that the instant complaint is deficient under the standards of Rule 8, Twombly and Iqbal.  As noted, the Lesmans' complaint includes a list of "claims" on the first page:  "foreclosure (pleading) fraud, lack of standing and/or lack of capacity to foreclose, breach of contract (deceptive and unfair practices) and [] violations under the Fair Debt Collection [Practices] Act."  (Doc. 1-1, Compl. at 1).  It does not, however, set out these "claims" in separate counts, each of which states the nature of the claim—for example, by setting out the elements of the claim—and alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Rather, the nature and/or elements of each of the Lesmans' putative claims (or causes of action) are not clearly set out and, as Defendants point out, many of the allegations in the complaint are generalizations or conclusions, not specific facts that describe or assert, with respect to each Defendant, the acts of that Defendant allegedly supporting each claim or cause of action.  In fact, the complaint consists largely of conclusory assertions about mortgages, assignments, foreclosures and the involvement of MERS and BOA in those activities generally.  Moreover,

AO 72A
(Rev.8/82)

because the complaint sets out 24 paragraphs of "facts" without connecting those "facts" with the putative claims, it is not clear which "facts" are material to which claim or claims. Nor is it clear whether the Lesmans allege all claims against both Defendants. Furthermore, as Defendants also point out, the complaint fails to plead fraud with the specificity required by Fed. R. Civ. P. 9(b) and it does not set out facts that would show the Defendants violated the FDCPA. In short, the complaint generally contains no more than "labels and conclusions," Twombly, 550 U.S. at 555, and "naked assertion[s] devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (internal quotation omitted), and the undersigned finds that it fails to state a claim upon which relief can be granted.

Nevertheless, "where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least one chance to amend the complaint." Habib, 2011 U.S. Dist. LEXIS 69858, at *14 n.3. Accordingly, Defendants' motion to dismiss the Lesmans' complaint is **DENIED without prejudice** to their right to refile after the Lesmans have been given an opportunity to amend

21

their complaint. Within fourteen (14) days from the date of entry of this Order, the Lesmans shall file an amended complaint that complies with Rule 8, Twombly and Iqbal. The Lesmans are advised that any amended complaint should clearly set out each claim alleged; that each claim should be set out in a separate count identifying the defendant(s) against whom the claim is alleged and stating the facts supporting the claim; and that the documents they deem material to their claims, including deeds, assignments, transfers, notices of foreclosure, etc. should be attached to any amended complaint.

## IV.    Conclusion

For the reasons discussed above, it is **ORDERED** that Defendants' motion to strike [Doc. 21] is **DENIED as moot**, and Defendants' motion to dismiss [Doc. 5] is **DENIED without prejudice**.

SO ORDERED, this  26th  day of July, 2012.


**RICHARD W. STORY**
United States District Judge

22