IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARK LESMAN and CINDY LESMAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 2:12-CV-00023-RWS : |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and BANK OF AMERICA, N.A., as servicer for Citibank, N.A., | : : : : |
| Defendants. | |

**<u>ORDER</u>**

This case comes before the Court on Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A.'s ("BOA") (collectively "Defendants") Motion to Dismiss Plaintiffs' Amended Complaint [29] and Plaintiffs Mark and Cindy Lesman's ("Plaintiffs" or "the Lesmans") Motion for a More Definite Statement [36]. After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

# Background[1]

## I. Factual Background

This case arises out of Plaintiffs' attempt to challenge the imminent non-judicial foreclosure sale of real property owned by Plaintiffs, located at 2640 Old Atlanta Road, Cumming, GA 30041 (the "Property"). (Am. Compl., Dkt. [28] ¶¶ 15, 17.) On or about August 31, 2006, Plaintiff Mark Lesman executed a promissory note (the "Note") in favor of Countrywide Bank, N.A. ("Countrywide"), obtaining a loan in the principal amount of $1,065,000.00, plus interest (the "Loan"). (Id. ¶ 86; Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Dkt. [29-1] Ex. A (Note).) To secure repayment of the Loan, Plaintiffs executed a security deed on or about August 11, 2006, naming Defendant MERS as nominee for the lender Countrywide (the "Security Deed"). (Am. Compl., Dkt. [28] ¶ 15, Ex. B (Security Deed).) The Security Deed was recorded at Deed Book 4439, Page 713, in the Forsyth County, Georgia real estate records. (Id.)

Defendant MERS assigned the Security Deed to Defendant BOA as trustee for the holders of the SAMI II, Inc., Bear Stearns ARM Trust, Mortgage

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged by Plaintiffs in the Amended Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

Pass-Through Certificates, Series 2006-4.  (Id. ¶ 21, Ex. D (Assignment of Security Deed).)  Plaintiffs allege that this transfer was fraudulent because the assignment agreement is signed by a "known 'Robo-signer,'" and that neither Defendant MERS nor Defendant BOA has the authority to transfer, sell, or assign the Security Deed as neither Defendant holds the subject Note.  (Id. ¶ 21.)

Plaintiffs defaulted on the Loan during 2011.  (Id. ¶¶ 30-31.)  Subsequent to Plaintiffs' default on the Loan, Plaintiffs received a Notice of Sale Under Power (the "Sale Notice") from Defendant BOA, informing them that a foreclosure sale had been scheduled for the first Tuesday of December, 2011.  (Am. Compl., Dkt. [28] ¶ 17, Ex. C (Sale Notice).)  Plaintiffs acknowledge receipt of the Sale Notice but claim that Defendant BOA's notice did not comply with the notice requirements of O.C.G.A. § 44-14-162.2 or the terms of the Security Deed.  (Am. Comp., Dkt. [28] ¶¶ 17, 44, 47, Ex. C.)

Plaintiffs allege that prior to Defendant BOA's initiation of non-judicial foreclosure proceedings, "Plaintiffs had been working with [D]efendant BOA for a loan modification."  (Id. ¶ 29.)  These efforts were unsuccessful and Defendant BOA began the foreclosure process on the Property on or about

3

December 2011. (Id. ¶ 31.) It does not appear, however, that a foreclosure sale has occurred.

## II.   Procedural History

On November 28, 2011, the Lesmans, acting pro se, filed a Complaint in the Superior Court of Forsyth County, Georgia, challenging Defendants' rights to foreclose on the Property. (Compl., Dkt. [1-1].) Defendant BOA removed the case to this Court on January 25, 2012 (Notice of Removal, Dkt. [1]),[2] and Defendants MERS and BOA filed their first Motion to Dismiss the Lesmans' Complaint (Dkt. [5]). By Order dated July 26, 2012, the Court found the Complaint to be deficient under the pleading standards of Federal Rule of Civil Procedure ("Rule") 8 and the Supreme Court's decisions in Twombly[3] and Iqbal.[4] (Dkt. [25] at 20.) Nevertheless, in light of Plaintiffs' pro se status, the Court gave them the opportunity to amend the original Complaint. (Id. at 21-22.) Accordingly, the Court denied Defendant's Motion to Dismiss without prejudice to their right to refile. (Id.)

---

[2] According to Defendant BOA, though Defendant MERS has not been served properly and thus was not required to consent to removal, "Defendant MERS consents to removal if and when [it is] properly served." (Notice of Removal, Dkt. [1] at 1–2.)

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

[4] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In accordance with the Court's previous Order, Plaintiffs filed an Amended Complaint on August 8, 2012, challenging Defendants' right to foreclose on the Property and alleging the following causes of action: (1) injunctive relief (Count One), (2) "contractual breach of good faith and fair dealing" (Count Two), (3) "wrongful foreclosure as a tort" (Count Three), (4) equitable relief (Count Four), (5) declaratory relief (Count Five), (6) punitive damages (Count Six), and (7) attorneys fees (Count Seven).  (Am. Compl., Dkt. [28].)  Defendants MERS and BOA filed an Answer (Dkt. [30]) and a Motion to Dismiss (Dkt. [29]) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), which motion is currently before the Court. Plaintiffs filed a Motion for a More Definite Statement (Dkt. [36]) with respect to Defendants' Answer, which motion is also before the Court.

## Discussion

**I.    Defendants' Motion to Dismiss [29]**

<u>A.    Legal Standard for a Motion to Dismiss</u>

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  The court must also draw all

5

reasonable inferences in the light most favorable to the plaintiff. Twombly, 550 U.S. at 555-56 (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

However, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore,

6

be liberally construed." Tennenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

B. Analysis

As a threshold matter, the Court notes that the Amended Complaint is comprised primarily of legal conclusions and rambling factual assertions, making it difficult for the Court to identify which causes of action Plaintiffs are seeking to assert. Accordingly, the Court finds that the Amended Complaint could be dismissed for failure to comply with the pleading requirements of Rule 8, Twombly, and Iqbal. Nonetheless, in light of Plaintiffs' pro se status, the Court will consider the merits of the causes of action it can decipher, utilizing the legal framework discussed in Part I.A, supra.

### 1. *"Contractual Breach of Good Faith and Fair Dealing" (Count Two)*

In Count Two and elsewhere throughout the Amended Complaint, Plaintiffs raise a claim for breach of the covenant of good faith and fair dealing. (Am. Compl., Dkt. [28] ¶¶ 64, 66, 69, 85.) In support of this claim, Plaintiffs allege that Defendants (1) "failed to adhere to strict Georgia statute concerning

7

the recording of real property in the County/State Records;" (2) used documents concerning Plaintiffs' real property that "show the documents recorded were not properly attested to, therefore did not provide notice to potential buyers," in violation of Georgia law; and (3) "filed fraudulent documents to aid themselves in gaining an interest in, or in the whole of Plaintiffs' property, by forgery, fraud and general illegal means."[5] (Id.)  Defendants move to dismiss this claim

---

[5] Plaintiffs do not enumerate fraud as a separate count, but rather incorporate it primarily into their second count for breach of the covenant of good faith and fair dealing. (Am. Comp., Dkt. [28] ¶¶ 51, 69, 73, 109.) To the extent Plaintiffs are attempting to assert a cause of action for fraud, it fails under Rule 9(b). Under Rule 9(b), to state a claim for fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9 (b). To comply with the particularity requirement of Rule 9(b), Plaintiffs' Amended Complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the [P]laintiff[s], and (4) what the [D]efendants "obtained as a consequence of the fraud."

Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted).

Plaintiffs' Amended Complaint alleges that Defendants "filed fraudulent documents to aid themselves in gaining an interest in, or in the whole of Plaintiffs' property, by forgery, fraud and general illegal means." (Am. Comp., Dkt. [28] ¶ 69.) While Plaintiffs do assert that fraudulent documents were filed, Plaintiffs do not allege which documents or statements were fraudulent, the time or place each statement was made, the content of the statements, or what Defendants obtained as a result of the fraud. Accordingly, any cause of action for fraud, to the extent asserted by Plaintiffs, fails as a matter of law.

8

on the grounds that "without a breach of an express term of the Security Deed, there can be no independent claim that Defendants breached the implied covenant of good faith and fair dealing." (Defs.' Mem., Dkt. [29-1] at 9.)

The Court agrees with Defendants. Under Georgia law, a plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing unless the plaintiff has alleged a breach of an express term of the contract. Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (providing that in the state of Georgia, the "'covenant' [of good faith and fair dealing] is not an independent contract term"); Morrell v. Wellstar Health Sys., Inc., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) ("Although each contract . . . contain[s] an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract."); see also Stuart Enters. Int'l, Inc. v. Peykan, Inc., 555 S.E.2d 881, 884 (Ga. Ct. App. 2001) ("The implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself. As such, the covenant is not independent of the contract."). Plaintiffs do not allege in the Amended Complaint that Defendants breached an express term of the Security Deed. Absent such allegation, Plaintiffs cannot state a claim that Defendants breached

9

the implied covenant of good faith and fair dealing. Accordingly, Plaintiffs' claim for "contractual breach of good faith and fair dealing" (Count Two) is **DISMISSED**.

### 2. *"Wrongful Foreclosure as a Tort" (Count Three)*

In Count Three, and in numerous other sections of the Amended Complaint, Plaintiffs raise a claim for wrongful foreclosure based on the following allegations. First, Plaintiffs allege that Defendants' Sale Notice failed to comply with the notice requirements of O.C.G.A. § 44-14-162.2[6] because it was not sent to Plaintiffs by the secured creditor. (Am. Compl., Dkt. [28] ¶¶ 44, 47, 79, 83, 94.) Second, Plaintiffs assert that the Security Deed was not properly assigned because the Assignment "did not satisfy the attestation formalities prescribed" by Georgia law. (Id. ¶¶ 66-68, 75-77, 85.) As a result, Plaintiffs contend, "any foreclosure of the security interest covered by the assignment is null and void." (Id.) Finally, Plaintiffs appear to assert a "produce the note" theory by stating that they cannot determine the "identity of

---

[6] O.C.G.A. § 44-14-162.2 regulates the form of the notice given to a debtor before a foreclosure sale. The statute requires that the foreclosure notice: (1) is in writing; (2) is provided to the debtor 30 days before the date of the proposed foreclosure; (3) contains the name, address, and telephone number of the entity able to alter the terms of the mortgage; and (4) that it be sent by registered, certified, or overnight mail. O.C.G.A. § 44-14-162.2.

10

the true secured creditor." (Id. ¶¶ 38, 78; Pls.' Rebuttal/Objections to Defs.' Mot. to Dismiss Am. Compl., Dkt. [37] at 5, 12.)

Defendants move to dismiss Plaintiffs' claim for wrongful foreclosure on the following grounds. Defendants, as a threshold matter, argue that Plaintiffs' claim must be dismissed because no foreclosure sale of the Property actually has occurred. (Defs.' Mem., Dkt. [29-1] at 11-12.) Defendants also contend that Plaintiffs' legal theories fail to support a cause of action for wrongful foreclosure. (Id. at 11, 13-14, 16-19.) First, Defendants contend that the Sale Notice did not violate O.C.G.A. § 44-14-162.2; to this end, Defendants argue that under this provision, notice may be "given by a loan servicer or other authorized agent acting on the secured creditor's behalf." (Id. at 13-14.) Second, Defendants argue that Plaintiffs lack standing to challenge the assignment of the Security Deed. (Id. at 17.) Finally, Defendants contend that Plaintiffs' "produce the note" theory "has been squarely rejected by Georgia courts." (Defs. MERS and BOA's Reply in Supp. of Mot. to Dismiss Pls.' Am. Compl., [Dkt. 39] at 9-10.)

The Court agrees that Plaintiffs' claim for wrongful foreclosure is due to be dismissed on grounds that no foreclosure sale has occurred. Under Georgia law, a party may not state a claim for wrongful foreclosure where no

11

foreclosure sale actually has occurred. Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred."); Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure."). Plaintiffs do not allege in their Amended Complaint that a foreclosure sale of the Property has occurred. (See gen. Am. Compl., Dkt. [28].) As no foreclosure sale has occurred, Plaintiffs' claim for wrongful foreclosure fails.[7] Accordingly,

---

[7] Even if a foreclosure sale had occurred, Plaintiff's claim for wrongful foreclosure still would be due to be dismissed, as Plaintiff's legal theories are meritless. First, Plaintiffs' allegation that the Sale Notice violated the requirements of O.C.G.A. § 44-14-162.2 because it was not sent by the secured creditor fails. This statute requires that the Sale Notice identify the secured creditor, but it does not require that the Sale Notice be sent by the secured creditor. See Reese v. Provident Funding Assoc., LLP, 730 S.E.2d 551, 554 (Ga. Ct. App. 2012) ("While a loan servicer may be permitted to send the notice on behalf of the secured creditor, . . . [the notice must] properly identify the secured creditor."). On the contrary, a Sale Notice may be sent by a loan servicer or other authorized agent that is acting on the secured creditor's behalf. LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *4 (N.D. Ga. Jan. 18, 2011).

Second, Plaintiffs' argument that the Assignment of the Security Deed was invalid fails. As a stranger to the Assignment of the Security Deed, Plaintiffs lack standing to challenge it. See, e.g., Breus v. McGriff, 413 S.E.2d 538, 239 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity.").

12

Plaintiffs' claim for "wrongful foreclosure as a tort" (Count Three) is **DISMISSED**.[8]

### 3. Injunctive (Count One) and Equitable Relief (Count Four)

In Counts One and Four, Plaintiffs ask the Court for equitable relief in the form of an "emergency temporary injunction against a pending eviction" and a permanent restraining order against "[D]efendants' wrongful conduct."

---

Finally, Plaintiffs' assertion that Defendants must "produce the note" to have standing to foreclose fails as a matter of law. Under Georgia law, the lender commencing foreclosure proceedings is not required to produce the original note. See, e.g., Graham v. Chase Home Finance, No. 1:10-CV-2652-RWS, 2010 WL 5071592, at *2 (N.D. Ga. Dec. 6, 2010) ("[I]n Georgia, this 'produce the note' theory has no bite."); Wilson v. BB&T Mortgage, No. 1:10-CV-1234-RWS, 2010 WL 4839372, at *3 (N.D. Ga. Nov. 23, 2010) ("Plaintiffs assert that Defendants have failed to 'produce the note' . . . [but] have not pointed to any Georgia law which requires Defendants to do so."); Watkins v. Beneficial, HSBC Mortg., Civ. No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010) (stating that "nothing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."). Accordingly, Plaintiffs fail to state a claim for wrongful foreclosure based on this "produce the note" theory.

[8] To the extent Plaintiffs attempt to assert a claim for attempted wrongful foreclosure, this claim also fails. To state a claim for attempted wrongful foreclosure under Georgia law, a plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). In their Amended Complaint, Plaintiffs do not allege that Defendants knowingly or intentionally published untrue and derogatory information concerning Plaintiffs' financial conditions. Consequently, any claim for attempted wrongful foreclosure also would fail as a matter of law.

13

(Am. Compl., Dkt. [28] ¶¶ 59-60.)  To obtain a preliminary injunction, the movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002) (citation omitted).  The 11th Circuit has held that a preliminary injunction is an "extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985) (citation omitted).  In light of the Court's ruling that Plaintiffs fail to state a claim upon which relief can be granted, Plaintiffs have not demonstrated a substantial likelihood of success on the merits of their claims and, therefore, are not entitled to a preliminary injunction.

> In order to obtain a permanent injunction, a plaintiff must demonstrate:
>
> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

14

Peter Letterese & Assocs. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006)).  As previously discussed, Plaintiffs have failed to state a claim upon which relief can be granted.  Consequently, Plaintiffs cannot show that they have suffered an irreparable injury.  As a result, Plaintiffs are not entitled to a permanent injunction.

Accordingly, Plaintiffs' claims for injunctive (Count One) and equitable relief (Count Four) are **DISMISSED**.

### 4. *Declaratory Relief (Count Five)*

Plaintiffs also seek declaratory relief.  In light of the Court's finding that Plaintiffs have failed to state a claim upon which relief may be granted, there are no allegations demonstrating the existence of an actual controversy; Plaintiffs, therefore, are not entitled to a declaratory judgment.  See O.C.G.A. § 9-4-2(a) (providing that declaratory judgment may be issued "[i]n cases of actual controversy."); see also Lubin v. Cincinatti Ins. Co., No. 1.09-cv-1156-RWS, 2009 WL 4641765, at *3 (N.D. Ga. Nov. 30, 2009) ("[T]o bring a declaratory judgment action an actual controversy must exist.  The issue is whether the facts alleged, under all the circumstances, show that there is a

15

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal quotation marks and citations omitted). Accordingly, Plaintiffs' claim for declaratory relief (Count Five) is **DISMISSED**.

### 5. *Punitive Damages (Count Six) and Attorneys Fees (Count Seven)*

Finally, Plaintiffs seek punitive damages and attorneys fees. Claims for punitive damages and attorneys fees are derivative of a claimant's substantive causes of action. J. Andrew Lunsford Properties, LLC v. Davis, 572 S.E.2d 682, 685 (Ga. Ct. App. 2002). Because each of Plaintiffs' substantive causes of action fails, Plaintiffs' derivative claims for punitive damages (Count Six) and attorneys fees (Count Seven) also must be **DISMISSED**.

In sum, Plaintiffs have failed to state a plausible claim for relief against Defendants, whose Motion to Dismiss Plaintiffs' Amended Complaint [29] therefore is due to be **GRANTED**.

## II. Plaintiffs' Motion for a More Definite Statement [36]

Plaintiffs move the Court to order Defendants to revise their Answer to "more specifically answer Plaintiffs' amended complaint with more particularity." (Dkt. [36].) Since Defendants' Motion to Dismiss (Dkt. [29])

16

has been granted by the Court, Plaintiffs' Motion for a More Definite Statement (Dkt. [36]) is **DENIED as moot**.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [29] is **GRANTED** and Plaintiffs' Motion for a More Definite Statement is **DENIED as moot**. Plaintiffs' Amendment Complaint [28] accordingly is **DISMISSED with prejudice**, and the Clerk is directed to close the case.

**SO ORDERED**, this  19th  day of February, 2013.

_____
**RICHARD W. STORY**
United States District Judge